1
2
3
4
5
6
7
8           **UNITED STATES DISTRICT COURT**

9           **EASTERN DISTRICT OF CALIFORNIA**

10

11   SALVADORE QUINTERO-MENDOZA,        )   1:13-cv-01885 AWI GSA HC
                                        )
12                  Petitioner,         )
                                        )   ORDER DISMISSING PETITION FOR WRIT OF
13           v.                         )   HABEAS CORPUS AND GRANTING
                                        )   PETITIONER LEAVE TO FILE AMENDED
14                                      )   PETITION
                                        )
15   MICHAEL L. BENOV, Warden,          )   ORDER DIRECTING CLERK OF COURT TO
                                        )   MAIL PETITIONER A BLANK HABEAS FORM
16                  Respondent.         )
                                        )   [THIRTY DAY DEADLINE]
17                                      )
                                        )
18   _____

19           Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus

20   pursuant to 28 U.S.C. § 2241.

21                                   **DISCUSSION**

22           Rule 4 of the Rules Governing § 2254 Cases[1] requires the Court to make a preliminary review

23   of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears

24   from the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing

25   Section 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).  The Advisory

26   Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus,

27

28   _____
     [1] Rule 1(b) of the Rules Governing § 2254 Cases permits the application of these rules to habeas corpus petitions
     proceeding under § 2241.

                                             1

1    either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an

2    answer to the petition has been filed.  See Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).  A petition

3    for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable

4    claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir.

5    1971).

6         In this case, Petitioner challenges an unspecified prison disciplinary hearing.  Petitioner

7    contends that the Disciplinary Hearing Officer ("DHO") was not an employee of the Bureau of Prisons

8    ("BOP") as required by regulation and therefore lacked the authority to sanction Petitioner.  He further

9    argues that the DHO was not an impartial decision maker in violation of regulation.  Rule 2(c)(2)

10   requires that the petition "state the facts supporting each ground."  The instant petition fails to do so.

11   The petition sets forth the claims for relief but provides no facts in support thereof.  Other than the

12   identity of the DHO, the petition provides no details with respect to the disciplinary hearing, such as

13   the time and place of the hearing, and the facts underlying the disciplinary proceeding.  Further,

14   Petitioner provides no information concerning his attempts, if any, to seek administrative relief.

15        Accordingly, the petition will be dismissed.  Petitioner will be granted the opportunity to file a

16   first amended petition to set forth the facts in support of his claims for relief.  Petitioner is advised that

17   he must reference the instant case number and designate his petition as a "First Amended Petition."

18   Petitioner is forewarned that failure to comply with this order will result in a recommendation that the

19   petition be dismissed and the action be terminated.

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

2

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus is DISMISSED with leave to amend;

2) Petitioner is GRANTED thirty (30) days from the date of service of this order to file a first amended petition; and

3) The Clerk of Court is DIRECTED to send Petitioner blank forms for filing a habeas action.

IT IS SO ORDERED.

Dated:   **December 11, 2013**                       **/s/ Gary S. Austin**
                                                        UNITED STATES MAGISTRATE JUDGE

3