# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADORE QUINTERO-MENDOZA,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>MICHAEL L. BENOV,<br><br>　　　　Respondent. | Case No.  1:13-cv-01885 AWI GSA HC<br><br>FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS<br><br>[ECF NO. 14] |

Petitioner is proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On November 21, 2013, Petitioner filed the instant petition for writ of habeas corpus. He filed a first amended petition on December 19, 2013. On March 3, 2014, Respondent filed a motion to dismiss the petition as moot. Petitioner filed an opposition on March 20, 2014. The Court reviewed the motion to dismiss and determined that Respondent had not filed any evidence supporting his contention that the petition was moot. Accordingly, the Court granted Respondent an opportunity to supplement the motion to dismiss. Respondent filed a supplement on May 5, 2014. Petitioner filed a supplement to his opposition to the motion to dismiss on May 12, 2014.

**DISCUSSION**

The case or controversy requirement of Article III of the Federal Constitution deprives

the Court of jurisdiction to hear moot cases. Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983); NAACP., W. Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984). A case becomes moot if "the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481 (1984). The Federal Court is "without power to decide questions that cannot affect the rights of the litigants before them." North Carolina v. Rice, 404 U.S. 244, 246 (1971) (quoting Aetna Life Ins. Co. v. Hayworth, 300 U.S. 227, 240-241 (1937)).

In this case, Petitioner contends that his due process rights were violated during a disciplinary hearing because an individual who was not employed by the Federal Bureau of Prisons ("BOP") conducted the hearing. Respondent submits that the challenged disciplinary hearing has been reheard before a BOP employee. In support, Respondent has provided a declaration from Angela Lamie, a Correctional Programs Specialist for the BOP. Resp't's Supp. to Mot. to Dismiss, Lamie Decl. She is a BOP disciplinary hearing officer and the individual who conducted the rehearing. In addition, Respondent has submitted the disciplinary report dated March 7, 2014, which reflects that the disciplinary rehearing was conducted on February 27, 2014. Resp't's Supp. to Mot. to Dismiss, Lamie Decl., Attach. 3. In light of the rehearing before a BOP employee, there is no longer a case or controversy. The instant petition is moot.

**RECOMMENDATION**

Accordingly, the court HEREBY RECOMMENDS that Respondent's motion to dismiss be GRANTED and this action be DISMISSED for mootness.

This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are

advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 20, 2014**                               **/s/ Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE